Good morning. I'm Jeff Long, preparing for the Appellant Angels Alliance. This case involves the District Court's dismissal of an action by the Homeowner for wrongful foreclosure arising out of a non-judicial foreclosure brought under ORS 86.700. The question that the Court decided the case on down below was whether MERS, Mortgage Electronic Recording System, had authority to act as a beneficiary under the trustee and assign those interests and also appoint a successor trustee. The District Court ruled that MERS did have that authority. Since that time, the Oregon Supreme Court has clarified that MERS did not have authority and was not the beneficiary under that act, has had no authority to either assign an interest to the trustee or to appoint a successor trustee. Mr. Long, for me, I ask you a question that goes to not the standing issues that were addressed below, but the remedy. You're seeking, in this case, to invalidate the trustee arena. That is correct. Doesn't Oregon law, and I think the law in most states in the West, say that the trustee sale is conclusive to those who have notice and that if you want to invalidate a trustee, you must stop the sale? If the proper procedures for the notice of sale are followed, it would be conclusive. Well, as I read the Oregon cases, this is where you need your help. Your client got notice, so there's no question of notice. That is correct. And there's no question that the sale was held in some sort of bad way, the bidder's word listened to, or things like that. So aren't those the only ways that you can attack a nonjudicial foreclosure? No, and I believe so, Your Honor, and in particular this case, when the actual trustee had no authority to even initiate the sale under the statute because the proper procedures were followed. I understand that's your argument. Is there a case in Oregon that says that this kind of challenge to the trustee's authority survives the foreclosure? Well, there's no case directly on point saying that it can't, but I think the most relevant case would be the Staffordshire Investments case, a 2006 case in which the court ruled that the trustee's power of sale in a nonjudicial foreclosure doesn't arise until all the preconditions are met. Was that a post or did that case arise out of post-foreclosure litigation or pre-foreclosure litigation? I understood it to arise out of post-foreclosure litigation. The problem that arises is in pre-foreclosure litigation. I had a case in front of this court last year on that issue. If the sale doesn't happen and if it's rescinded, then the issues really become moot, and the only way to get this issue in front of the court would be on a post sale. There's nothing in the statute itself that precludes someone affected, damaged by the nonjudicial foreclosure to challenge it if the procedure requirements, if the notice is not sent correctly, and if, as in this case, what alleged to be the trustee actually had no authority to initiate the foreclosure in the first place. I'd like to ask Judge Hurwitz a question, but in a slightly different way. Do you think Judge Panner properly construed the Oregon Trustee Act, in his opinion, in Mickey Duke? I'm not familiar with that opinion, Your Honor. I'm sorry. You're not familiar with that? It is, I think that's where Judge Hurwitz's question was coming from. It is, indeed. It's 952 F sub second at 958, 2013, in which Judge Panner interprets Oregon law to say that post sale challenges really are good only if there's a problem with notice. And perhaps some oppressive way to conducting the sale, and that's really the question I have. We have some district judges, several of them, who wanted a published decision, would say these are too late, and I'm looking to see whether the district judges are wrong. In the case you cite, do you think stands for the contrary proposition? Well, I think that, yes, I do, and I think the important distinction here is that the sale was not valid in the first place. It was initiated by a party who had no connection. That's precisely the issue Judge Panner had in front of him. A claim that the trustee was, though, didn't have the authority because of various procedurals used to go ahead, and Judge Panner says that's the kind of thing you've got to run to court and stop. That's why you get sufficient notice of the sale, so you can go into court and stop it, but nonjudicial foreclosures are meant to give a clean title at the end of it, except in very small, very limited circumstances, and this isn't one of them. So why is he wrong? Well, my position is one of them, Your Honor, and that's because the initial sale itself was voiced in the very get-go because not only the trustee, but the notice was not proper in that it didn't identify the correct beneficiary and it didn't give the homeowner an opportunity. Well, but the homeowner's not suing here. Well, the property owner is suing. The borrower is not suing. Right. So how was your client prejudiced by the notice? It would be really the loss of their possessor, right? No, I'm talking about the notice. What was there in the notice that didn't tell your client precisely what needed to be done to hold on to the property? Well, the notice didn't identify the proper owner of the deed or of the note and the procedures for sending out the notice. They actually had no authority to even issue the notice. Yeah, but in the real world, I guess I'm asking this question practically. Making a technical argument, that's what lawyers do. But in the real world, your client knew precisely what needed to be done in order to avoid foreclosure, correct? In the real world, she knew she had to pay a certain amount of money to avoid her house being sold. And she didn't. That's correct. So really, it's not a question of being prejudiced by identification of the beneficiary in the notice. Your real argument is that in a technical matter, this misidentification avoids everything. You get to keep the property. It really isn't a technical matter, but it really comes to the authority, if you will, of the person initiating the notice to take advantage of the Oregon trust deed that can conduct this nonjudicial sale. Now, as you know, there is another method available for them, and that is to go to court and actually prove their interest, allegedly prove like a regular litigant would do, and that's what's been done now, frankly, for the last couple of years in these cases, to take advantage of this particular really quick procedure for the beneficial owner, if you will, of the trust deed. They have to follow these three statutory requirements. That's why the possessory rights are involved here. Do I read your complaint correctly, that it's only the possessory rights that's at interest? Well, I think so at this point, considering what we're talking about, because there's certainly no question that, well, the proper beneficiary, which we find out after the sale, was Fannie Mae, but that assignment wasn't recorded until after the sale. My question is slightly different. The only remedy you're seeking is restoration of the possessory right to your client. That is correct. Okay. Absent further questions, I think the issue is from our side. Thank you for your time. Good morning, Your Honors. Steve Ellis on behalf of the Appellees. Picking up on the point that Judge Hurwitz, that you made, I think it's absolutely correct that there is a statutory bar to this lawsuit. At the time we filed our briefs, we discussed Oregon Statute 86.770. It's now been recodified at 86.797. So let me ask you a question I asked your opponent. I love district judges, and they're almost never wrong. But on state law, it's nice to have a state court decision for us to rely on. There's not a state court decision that arises directly in this context. I think the principle that a non-judicial foreclosure sale terminates the interests of any party who received notice has been stated several times. It was reaffirmed, although to be sure, just in passing, in the Brandrup case from the Oregon Supreme Court in 2013. It came up again in the Spitz case, an appellate case, which although it came out the other way, the challenger was allowed to move forward with its challenge. That was because, and only because, notice was not provided. So the facts situation presented by this case, and I'm not asking you to agree with their legal characterization, but at the end of the day, they say the wrong people were foreclosing. It may or may not be correct, and you think it's not, but is there any Oregon case that says under those circumstances the claim survives the foreclosure? Your Honor, I think the Oregon State case is the question. Yes, because we have several district court cases directly on point. I'm trying to figure out whether they correctly interpret Oregon law, a topic on which I admit a lot of ignorance. I know about nonjudicial foreclosures in general, and I certainly know how they're done in Arizona and California, but I'm trying to figure out whether something in Oregon makes these conclusions by the district judges wrong. So that's my question. Your Honor, no, I'm not aware of any case that's directly on point. Going either way, to be quite candid, if I could just have one minute to talk about the Staffordshire case, which my opposing counsel mentioned. That's the one I wanted you to suggest. The Staffordshire case is a very different case procedurally. What happened in that case was there was a sale that was noticed, and I don't believe there's any question about the notice regarding the sale, but on the eve of the foreclosure sale, there was an agreement, a modification of the obligations that the borrower owed, and the lender agreed to those, to that modification agreement. There was, it looks from the script of the case, like there was a communication problem, and essentially no one told the trustee. So the trustee had properly noticed the sale. There was some dispute about whether the sale should go forward. The trustee tries to reach out to the beneficiary. It's unsuccessful, so the trustee goes ahead and conducts the sale. The purchaser at the sale is a third party, and subsequently the lender tries to void the sale, saying that it should never have gone forward. Actually, the borrower was not in default at the time of the sale. He was in default at the time of the notice, but by the time the sale date rolled around, the borrower was no longer in default, and, therefore, there was no basis for the sale. The purchaser argued, well, that may be all well and good, but the sale still went forward. I showed up. I had the winning bid. I tendered the funds. Give me the property. And, ultimately, the court ruled that the sale was not a valid one because the borrower was not in default at the time of the sale, but that does not speak to the issue before the court here, which relates to what happens to the rights of a party with notice. In that case, the third party was a third party who showed up to bid at the sale but was not the borrower, was not affiliated with the borrower, and so it doesn't really speak to this issue. It's in a very different and somewhat unique procedural context, and so I don't think sheds much light on the issue here. The, I think the primary flaw in Appellant's argument on this point is that the Appellant is taking what is a procedural defect and recharacterizing or characterizing the result of that defect as a void sale. That can always be true. The Oregon Trusteed Act, there's a case law that says it's to be strictly construed, as it is, frankly, appropriate given the interests that are involved. And if any procedural defect renders the resulting sale void, then you've essentially written the statutory borrower at 86.797 off the books. And the legislature clearly evinced an intent to make the trustee sale the end of the process, not the beginning. Now, there is an exception in the OTTA. There is an exception for borrowers, or excuse me, not borrowers, for any party that does not get notice. And a party that does not get notice can bring a post-sale suit, but they have to show by clear and convincing evidence that they could have redeemed or cured the default. That's a very high standard for a post-sale lawsuit. You have to show you didn't get notice, even though you should have, and that you could have redeemed. And that's in former Oregon Statute 86.742, now Oregon Statute 86.767. So what you have essentially is the OTTA creating or at least contemplating two types of lawsuits. The pre-sale lawsuit that we've talked about, that you have 120 days minimum, often longer, to go to court. And you have a post-sale option that's available only to borrowers without notice, and only if the borrower can show by clear and convincing evidence that they could have cured the default. And what the plaintiff's trying to do here is to create a third category that would be available to someone who did get notice. That's uncontested. To allow them to suit post-sale, that would at least undermine the finality of the trustee's sale, which we know the legislature is interested in promoting. And it wouldn't be limited by the provisions of what's now 86.767 for requiring a showing of clear and convincing evidence that it could redeem. It would undermine the structure of what's contemplated by the OTTA. If I can just turn, there are a couple of other threshold issues that we addressed in our briefing, including the question of standing broadly construed. And as you can tell by our focus on the other issue, standing strikes me as problematic and an excuse for you. The owner of the property is suing because its corporation alleges that its property was improperly taken. Isn't that sort of a classic? They may be wrong on the merits you may lose, but isn't that a classic Article III and credential standing situation? With regard to the Article III issue, Your Honor, I think this is actually a classic example of a loss, an alleged loss that's caused by the actions of a third party that's not redressable. It seems to me that's merits. That's merits. I mean, what they're saying is that our property shouldn't be taken except in strict accordance with the statute. And the statute wasn't strictly accorded with. And we should win. And your answer is no, you don't win. You got perfect notice and you weren't able to pay. That strikes me as a great answer on the merits. But why does it knock out their standing? Because at the end of the day, a judgment in favor of the plaintiff is not going to help the plaintiff. Well, what if they still own the property? But they're going to lose the property because of the actions of the third party. The lien is still in existence. There's no indication that the plaintiff or anyone else is ever going to pay that loan. No, but they hold onto the property until you do it right. That's all the way on their side. And that's benefit, right? You can go around them. That's what you do all the time. It's a delay of the inevitable. And I think the third party. I'm alive and I'm not dying. It's a delay of the inevitable. And if you kill me, that's a bad thing. Indeed. I think the. Even if I have a terrible claim, I'm standing to seek a stay of execution. That's sort of what they're saying. I think the third party action cases, Pritikin is one we cited in our briefs and there are others. I think they contemplate that same thing, that just keeping the ball up in the air is not statutory standing. Yeah, but I don't understand those cases. That's why I'm asking you to do. Certainly, we've never said that. Well, Pritikin's an answer I could give. But in this context, we've never said that. In this context. Holding onto the property for a longer period of time and hoping that your creditors die or go away or get too tired to pursue or settle in a different. Which is, I assume, what they're trying to do. It used to be more. Yeah. That's never happened. I think I best not comment in response to that, Judge Fletcher. But I do think the case law indicates that sort of this keeping the ball up in the air theory is not one that establishes Article III standing. There is also the zone of interest issue that we've addressed in the briefing, although we briefed it under the wrong standard because the Supreme Court changed it last year. It's now Lexmark, and it's a statutory interpretation question. It used to be prudential standing about the zone of interest. The OTTA, which is the statute that governs here, is designed to protect borrowers, not third parties who acquire their interests without acquiring interest in the loan, without the consent of the lender. It's designed to protect borrowers, but it gives them only limited protection. So we'll go back to the merits. Let's see if I win on it. Accept that, of course. If you hadn't given notice, the fact that they bought the property for nothing or for very little and didn't take on the obligations wouldn't matter, would it? They have standing. Under the OTTA, if they had a right to notice and they did not get notice, they would barely have standing under the OTTA. So the argument is under the OTTA, I have a right to a certain procedure and I didn't get it. The argument may be wrong, but the standing argument, that's why I'm having difficulty with it. It strikes me really as your merits argument. Right. And by standing, what I was saying is they have standing. They would be within the zone of interest. That's what I meant. They'd be within the zone of interest if the statute said you are entitled to notice and they didn't get notice. Well, if they're saying we're entitled to the procedure and we didn't get it, we're in trouble. We're within the zone of interest if the statute projects with the procedure. Then the other point I just want to mention briefly before I have to answer any other questions, including the merits, there is a question of corporate authority here. The plaintiff is an LLC, organized under the laws of the state of Nevada. Their corporate status was revoked. The Oregon had, the state of Oregon had provided administrative authority for a foreign LLC to operate. That was also revoked. That bars them under the statutes from transacting business, including bringing litigation. That's a point that was raised below. It was raised below that the district court based its decision. I'm trying to find it right now. I didn't think the district court based its decision on the absence of corporate authority. Am I wrong? Bear with me. I want to make sure I get that right. I don't believe the court reached that issue. I don't believe the court reached it. We did a briefing. It is in the record. It provides an alternative basis for affirmance. Mr. Court, any questions? Thank you very much. You have some time if you'd like. I really didn't address the standing argument too much, although there was a lot of briefing done on it. It seems pretty clear that Oregon trust deed does grant standing to homeowners. I mean, that's part of the interest that you have. There's several sections that deal with it. Its purpose is twofold. It's to provide an abbreviated foreclosure process, but also to protect the homeowners from wrongful foreclosure. Now, what good is that type of statute if a case like this can come along where you have a complete non-party without authority to even issue the notice or conduct the sale, is able to do that and have the sale happen and have no redress for that? So the position is not that this is a technical procedural error. It may be, but it really is a substantive error in the sense that the trustee wasn't even the trustee at that time. So it's no different than your neighbor going out and issuing a trustee's notice of sale and selling the property to a third party. The trustee in this case had not, or the alleged trustee had no standing in which to even issue the notices in this case because they were never properly signed. We really don't know, based on the record, based on the time that the appointment of trustee was made, the sale was conducted, who actually owned this, who had the authority to do it, technically it was probably still TICOR title. They had no involvement in this sale in any way. But I think this all comes back to the question we were dealing with in our earlier exchange, and that is, is that argument available to you now, given that your client had notice and given that the sale has taken place? Yes, and I think that's sort of the crucial question for us in this case. And that's why I think it really kind of goes back to the fact that we defeat the purpose of the Oregon trustee, at least to the extent that it's there to protect homeowners from wrongful foreclosure. But there's no wrongful foreclosure here, except in a procedural sense. Your client edited to a trustee, didn't pay the money, has no personal liability on it because it's a residence. I mean, nothing unjust has happened here. The question is whether or not the I's were crossed and the T's were crossed, right? Well, I don't categorize it that way, because it's not just a procedural error. It's a substantive error in the sense that the party stepping forward that sold this person's house had no legal interest at all in the house. They hadn't been assigned any interest in the property when they conducted this. So it's not just a matter of a procedural error. How was your client harmed by this process? Well, the client was harmed by the taking of the property in 2011 by the sale from a party who had no interest. What you're saying is somebody else should have taken the property, not this person? You're not claiming your client would have paid the note, was able to pay the note. You're not making any of those claims. What you're saying is my client deserved to lose the house, but not to these people. Well, we don't know if my client deserved to lose the house, but I think that's a substantive error. But you're not making any claims in this case about the validity of the mortgage or the note or anything else, the deed. What you're saying is there was a person who should have been able to foreclose on this house for a corporation, but it wasn't the one who did. Isn't that really what you're saying? No. What I'm saying is there was a person who could have sold the property non-judicially, but that's not what happened. Okay, but how would your client be better off if that other person had sold the property non-judicially? Well, I think there's a couple of ways it would have been better off. Number one, they would have been able to continue possessing the property as a corporate example. No, no, I'm looking back. If they'd done it correctly, if somebody else had sold the property non-judicially on the date that it was sold, how would your client have been better off? I think they'd be in exactly the position they're in right now, and that is that the property was taken from them. Had this happened correctly, I don't think they would be in any different position than they are now. I guess that's what I'm trying to say. But it didn't happen correctly. So you made that argument very clearly. Thank you. Thank both sides for your arguments. The case of Angel's Alliance Group v. Reconstruct Company is now submitted. Thank you, Mr. Long. Thank you, Mr. Ellis.
judges: Walter, Fletcher, Hurwitz